## JOHN STEWARD *vs.* CALEB HARDING.

A notice to quit, which does not fix or indicate the day when the tenant is required to quit is insufficient, although expressed to be given for the purpose of determining the tenancy.

ACTION on the Rev. Sts. *c.* 104, commenced on the 19th of December 1853. At the trial in the court of common pleas, it was in evidence that the defendant held the premises under an oral lease, paying rent quarterly; and that the plaintiff, on the 16th of August 1853, signed, and caused to be served on the defendant, the following notice: "Plymouth, August 16th 1853. To Caleb Harding. You are hereby notified to quit the premises by you now occupied, and belonging to me, situated on Summer Street, Plymouth. This notice is given for the purpose of terminating your tenancy of the said premises." *Sanger*, J. ruled that the notice to quit was insufficient, and ordered a nonsuit. The plaintiff alleged exceptions.

*W. Thomas*, for the plaintiff. The notice was sufficient; for the rent days were within the knowledge of both parties; and the notice distinctly referred to the statute, by stating the pur-

pose for which it was given. Rev. Sts. *c.* 60, § 26. *Doe* v. *Jackson,* 1 Doug. 175. The notice need not name any precise day. *Doe* v. *Scott,* 6 Bing. 362. Chit. Con. (8th Amer. ed.) 310.

*W. H. Spear & W. F. Spear,* for the defendant, cited *Currier* v. *Barker, ante,* 224; *Oakes* v. *Munroe,* 8 Cush. 282; *Sanford* v. *Harvey,* 11 Cush. 93.

SHAW, C. J. This court concur in opinion with the judge of the court of common pleas in holding that the notice to quit was insufficient. The notice not only fixed no day, on which the tenant was to quit, but none was indicated by general terms, or by reference to the end of the next ensuing quarter. We think this case is governed by the cases cited by the defendant. The cases cited by the plaintiff do not apply. In the case in Douglas the notice fixed the day definitely; and in the case in Bingham the notice referred definitely to the end of the week commencing at the next weekly pay day.

*Exceptions overruled.*